**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STRAUGHAN PETRIE,<br><br>                                Plaintiff,<br><br>   v.<br><br>DOWNTOWN SAN DIEGO<br>PARTNERSHIP,<br><br>                            Defendant. | Case No.: 26-cv-00909-DMS-MSB<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE; SUA SPONTE DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**[ECF Nos. 4–5]** |

The Court previously granted Pro Se Plaintiff Straughan Petrie's motion to proceed in forma pauperis ("IFP") and sua sponte dismissed his Complaint with leave to amend for failure to state a claim.  (ECF No. 3.)  Plaintiff filed an Amended Complaint against Defendant Downtown San Diego Partnership.  (Am. Compl., ECF No 5.)  Because Plaintiff is proceeding IFP, the Court must screen the Amended Complaint.  As detailed below, the Court sua sponte dismisses the Amended Complaint with leave to amend.[1]

---

[1] Plaintiff also filed a "motion for leave to amend Complaint," which the Court interprets as a motion for extension of time to file the Amended Complaint.  (ECF No. 4.)  Good cause appearing, the Court **GRANTS** Plaintiff's motion.

1

## I.    FACTUAL BACKGROUND

The Court assumes the truth of the allegations while screening the Amended Complaint.  Defendant reportedly harassed Plaintiff because he attempted to use Defendant's showering facilities while accompanied by a licensed service animal.  (Am. Compl. III.C.)  Plaintiff experienced "verbal dressing down," "verbal and written intimidation," and threats to deny "commercial services."  (*Id.*)  Specifically, Defendant's employee, Oliver Vera, accused Plaintiff of violating "The City of San Diego Universal Terms of Service, Termination, Suspension & Appeals for Shelter/Residential Programming Policies and Procedures" (hereinafter "Policies and Procedures"), which are written by the City of San Diego's San Diego Housing Commission.  (*See id.* at II.D, III.C.)  A "private security guard" from Allstate Security Servies, Inc. was also involved.  (*Id.* at III.C.)  Plaintiff could not use the showering facility for approximately five months without "threat of harassment by Defendant."  (*Id.* at III.C, IV.)  Accordingly, Plaintiff brings a 42 U.S.C. § 1983 claim, arguing Defendant discriminated against Plaintiff because of his disability in violation of the Americans with Disabilities Act.  (*See id.* at II, IV.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), an IFP complaint must be screened by the Court.  28 U.S.C. § 1915(e)(2).  The Court must sua sponte dismiss an IFP complaint that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.  *Id.*; *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The standard for determining whether an IFP complaint fails to state a claim under § 1915(e)(2) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

2

cause of action, supported by mere conclusory statements, do not suffice." *Id.* While the Court has an obligation to construe pro se pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), it may not "supply essential elements of [claims] that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### III.   DISCUSSION

To state a claim for relief under § 1983, Plaintiff must sufficiently allege "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Here, Plaintiff failed to allege Defendant acted under the color of state law.

A § 1983 claim may be brought against a private party where "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted). "The private actor must meet (1) the state policy requirement, and (2) the state actor requirement." *Wright v. Serv. Emps. Int'l Union Local 503*, 48 F.4th 1112, 1121 (9th Cir. 2022). The state actor requirement can be met by using one of four tests: "(1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (quoting *Franklin v. Fox*, 312 F.3d 423, 444–45 (9th Cir. 2002)).

First, under the public function test, private individuals become state actors when they are "endowed by the State with powers or functions governmental in nature." *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003) (citation omitted). This test requires a showing that the function at issue is "both traditionally and exclusively governmental." *Id.* (citation omitted). Second, "[u]nder the joint action test, 'courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation'" of constitutional or federal rights. *See Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002)

26-cv-00909-DMS-MSB

(citation omitted). "The test focuses on whether the state has so far insinuated itself into a position of interdependence with the private actor that it must be recognized as a joint participant in the challenged activity." *Id.* (citation modified) (citation omitted). Courts generally "require a substantial degree of cooperation before imposing civil liability for actions by private individuals that impinge on civil rights." *Id.* Third, "[t]he compulsion test considers whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." *Kirtley*, 326 F.3d at 1094 (citation omitted). Lastly, "the nexus test asks whether 'there is a such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself.'" *Id.* at 1094–95 (citation omitted).

Here, the allegations failed to meet the state actor requirement under any of the tests. Downtown San Diego Partnership is the only identified defendant, and Plaintiff does not allege that Defendant is a state agency. Further, Plaintiff identifies only one of Defendant's employees, Mr. Vera, and a private security guard as alleged actors. Plaintiff does not allege either are government workers. While Mr. Vera reportedly told Plaintiff he violated "Policies and Procedures"—which were written by a state agency—this single allegation is insufficient to plausibly establish Defendant's conduct shared "such a close nexus" with the State that "seemingly private behavior may be fairly treated as that of the State itself." *Caviness*, 590 F.3d at 812 (citation omitted). Thus, Plaintiff failed to state a § 1983 claim. The Court **DISMISSES** the Amended Complaint **with leave to amend**.[2]

## IV.   CONCLUSION

Based on the foregoing, the Court **DISMISSES** the Amended Complaint **with leave to amend**. Plaintiff may file a Second Amended Complaint to cure the defects described above no later than **twenty one (21) days** from the date this Order is entered.

**IT IS SO ORDERED.**

---

[2] In light of this determination, the Court does not determine whether the other elements of a § 1983 claim have been sufficiently alleged.

Dated: June 17, 2026

Hon. Dana M. Sabraw
United States District Judge