**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

STRAUGHAN PETRIE,
Plaintiff,
v.
DOWNTOWN SAN DIEGO PARTNERSHIP,
Defendant.

Case No.: 26-cv-00909-DMS-MSB

**ORDER SCREENING PLAINTIFF'S SECOND AMENDED COMPLAINT**

On July 6, 2026, Plaintiff Straughan Petrie, proceeding *pro se*, filed a Second Amended Complaint ("SAC") against Defendant Downtown San Diego Partnership. (Second Am. Compl. ("SAC"), ECF No. 7). Plaintiff alleges disability discrimination arising from Defendant's response to Plaintiff's use of a service animal at Defendant's shelter facilities. (*Id.* at 3–5). As Plaintiff is proceeding *in forma pauperis* ("*IFP*"), the Court is required to screen the SAC pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the Court finds the SAC survives screening in part and directs the U.S. Marshal to effectuate service.

## I. BACKGROUND

Plaintiff is a disabled adult who has received Social Security disability benefits since 2005. (SAC 4; ECF No. 4 at 1). Plaintiff alleges that on February 2, 2025, he attempted to use showering facilities provided by Defendant at 1800 Welch Road in San Diego while

accompanied by his licensed service animal. (SAC 4). Plaintiff alleges that Defendant's employee, Oliver Vera, and a private security guard from Allstate Security Services, Inc., subjected him to a "verbal dressing down" and "verbal and written intimidation," threatening him with the "denial of commercial services for any further accompaniment of service animal." (*Id.* at 4). Plaintiff alleges that from February 2025 to June 2025 he could not use the showering facilities without threat of harassment and fear of being exited from the shelter program, as threatened by Defendant in writing. (*Id.*). Plaintiff alleges he consequently "was unable to practice daily hygienic needs." (*Id.* at 5). Plaintiff seeks injunctive relief compelling Defendant "to admit all service animals into all areas of their shelter facilities," $10,000 in compensatory damages, and $100,000 in punitive damages. (*Id.*).

On February 12, 2026, Plaintiff filed this action with a Motion to Proceed *IFP*. (ECF Nos. 1, 2). On March 3, 2026, the Court granted Plaintiff's *IFP* motion but dismissed the Complaint with leave to amend the 42 U.S.C. § 1983 claim. (ECF No. 3). The Court reasoned that Plaintiff had not plausibly identified a state actor in support of his § 1983 claim and that *Bivens* did not provide an implied right of action in this context. (*Id.* at 3–5). On March 30, 2026, Plaintiff filed a Motion for Leave to Amend Complaint, as well as a First Amended Complaint ("FAC"). (ECF Nos. 4–5). On June 17, 2026, the Court granted Plaintiff's request for an extension but *sua sponte* dismissed the FAC, finding that Plaintiff had still not plausibly alleged the existence of a state actor. (ECF No. 6). On July 6, 2026, Plaintiff filed the SAC that is presently before the Court. (SAC 1). In the SAC, Plaintiff clarifies that he is not bringing this action against federal, state, or local officials and mistakenly thought the checkboxes on the form complaint required a response. (*Id.* at 7). Instead, Plaintiff states that he is attempting to bring a claim under the Americans with Disabilities Act ("ADA") "against a corporation." (*Id.*); 42 U.S.C. §§ 12101–12213.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must screen an *IFP* complaint and dismiss the case if, at any time, it determines that the action is frivolous or malicious, fails to state

a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (confirming § 1915(e)(2)(B) applies to non-prisoners as well). A complaint "is frivolous where it lacks an arguable basis either in law or in fact" and malicious where "it was filed with the intention or desire to harm another." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation modified). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Finally, dismissal is warranted when the plaintiff seeks monetary relief against an immune defendant, as long as the court "has sufficient information to make a determination on immunity." *Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016).

## III. DISCUSSION

The Court now examines the SAC to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant with immunity from such relief. As Plaintiff proceeds *pro se*, the Court construes the filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (citation modified)).

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." § 12182(a); (*see* ECF No. 1-1 (listing the cause of action as arising under Title III of the ADA)). "To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). Discrimination includes the "failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." § 12182(b)(2)(A)(ii). Specifically, the implementing regulations for Title III provide that "[g]enerally, a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. § 36.302(c)(1). Here, Plaintiff has plausibly alleged each element. First, Plaintiff alleges that he is disabled and uses a licensed service animal. (SAC 4). Second, Plaintiff plausibly alleges that Defendant was operating a place of public accommodation by operating showering facilities. (*Id.* at 4, 7); *see* § 12181(7)(K) (including "homeless shelter . . . or other social service center establishment" in the definition of places of public accommodation). Third, Plaintiff alleges that he was denied access to the facilities because of his disability. (SAC 4–5). Taking these allegations as true, Plaintiff has sufficiently plead an ADA claim "to warrant ordering [Defendant] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012).

Although Plaintiff's ADA claim survives screening, "[d]amages are not recoverable under Title III of the ADA—only injunctive relief is available." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002); *see* § 12188(a). Furthermore, to pursue injunctive relief, Plaintiff

must "demonstrate a real and immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (citation modified). This can be shown "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Id.* at 944. Plaintiff's allegation that the threats deterred him from using the showering facilities is sufficient at this stage. (SAC 5). However, Plaintiff's requests for compensatory and punitive damages are dismissed pursuant to § 1915(e)(2)(B)(ii). The SAC otherwise survives screening.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court finds that the SAC survives § 1915(e)(2) screening in part.

The Court **ORDERS**:

1. The Clerk of Court shall issue a summons and forward it to Plaintiff with a blank U.S. Marshal Form 285, a certified copy of the operative complaint, and a certified copy of this Order. Plaintiff must fill out U.S. Marshal Form 285 as completely and accurately as possible with the addresses where Defendant may be found or subject to service. *See* CivLR 4.1c. Plaintiff must then return the form to the U.S. Marshal pursuant to the Clerk's instructions.
2. The U.S. Marshal shall serve a copy of the operative complaint, summons, and this Order upon Defendant, as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.
3. Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendant or counsel for Defendant and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service will be

disregarded.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Hon. Dana M. Sabraw
United States District Judge